# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS M. JANUSZ, JR., ) | |
| ) | Case No. 03 C 4402 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | |
| CITY OF CHICAGO, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO
## BAR THE TESTIMONY OF DR. JAMES PASTOR

Defendants Alan Lucas, Parris George, Gina Liberti and Amy Mugavero-Lucas (collectively "Defendants"), by and through their undersigned attorneys, move this Court to bar the testimony of Plaintiff's expert, Dr. James Pastor, at the trial of this matter and bar any of the documents upon which he relied and his expert report. In support thereof, Defendants state as follows:

### Introduction

Plaintiff seeks to offer the testimony of Dr. James Pastor, a purported expert in the area of police procedures. Pastor's opinions are contained in his "Report of Expert," (attached hereto as Exhibit A), and are divided into two main areas: first, opinions regarding the City of Chicago's Complaint Review process and disciplinary system, and second, opinions regarding police practices and procedures. With respect to the first area, Pastor's opinions should be barred because they are irrelevant to any issue being tried in this case. Such opinions are only relevant to a claim against the City pursuant to *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978). The *Monell* claims in this case are not being tried based upon the Stipulation of the City agreed to by the parties in July 2006. (*See* Docket no. 100, *and see* Dkt.

207, Minute Order of Judge Nordberg acknowledging that *Monell* claim was removed by Stipulation). Accordingly, Pastor's opinions regarding the City's disciplinary system are no longer relevant and should be barred. As to his opinions on police practices and procedures, Pastor must not be permitted to testify because his opinions are unreliable and not be helpful to the jury.

## Argument

Rule 702 of the Federal Rules of Evidence provides that: "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702 (West 2013). As the "gatekeeper" for expert witness testimony at trial, this Court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Expert testimony can be barred when it is unhelpful to the jury and it is improper if it usurps the jury's function. *See Wells v. City of Chicago, et al.*, No. 09 C 1198, 2012 WL 116040, *9 (N.D. Ill. January 16, 2012) (Kennelly, J.). Additionally, "no expert testimony is needed when the subject matter of the testimony is clearly within the average person's grasp." *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 329 (N.D. Ill. 2008) (Cole, Mag. J.)

> **I. PASTOR'S OPINIONS RELATING TO PLAINTIFF'S *MONELL* CLAIM ARE IRRELEVANT TO THE CLAIMS AT TRIAL AND SHOULD BE BARRED.**

Pastor spends the bulk of his Report discussing *Monell*-related issues including the Complaint Review and disciplinary process of the City. Indeed, Pastor comes to the ultimate

2

conclusion that the disciplinary process was inconsistently applied and incorrectly administered resulting in a custom and practice that permits, and tacitly consents to, the behavior of the officers in this case. *See* Ex. A, pg. 17. In light of the fact there will be no *Monell* claim presented at trial, Pastor's opinions regarding these issues are completely irrelevant.

        **A.**        **Complaint Register Files are not Relevant or Admissible for any Purpose.**

Plaintiff lists an extensive number of Complaint Register ("CR") files as trial exhibits (Exhibits 18 and 20) consisting of investigations of complaints against Officer Lucas (Ex. 20) and the remaining Defendants (Ex. 18). Pastor reviewed the CR files identified in Ex. 18 in addition to other CR files and rendered opinions on the integrity of the investigation process. For instance, Pastor noted that several of the CR files he reviewed, including some of the ones listed in Ex. 18, were improperly categorized in the computer system leading him to conclude that this was done in an effort to minimize the seriousness of the allegation to benefit the accused officer. *See* Ex. A, pg. 11. Putting aside whether this conclusion is even an admissible expert opinion, it should be barred because the *Monell* claim has been mooted by the Stipulation agreed to in July 2006. Pastor's review of the CR files was for the sole purpose of Plaintiff's claim that the City had a custom, practice and policy of failing to investigate and discipline officers who planted drugs to frame a person for a crime. Now that the *Monell* claim has been mooted, Pastor's opinions on the subject are irrelevant and inadmissible.

Moreover, to the extent Plaintiff intends to offer evidence of the CR files or question the Police Officer Defendants regarding the allegations made therein, such a use is forbidden by the rules of evidence. Rule 404(b) bars the use of evidence of other bad acts to prove the defendant's propensity to commit those bad acts, which is precisely what Pastor concludes: "the old adage holds true: the best predictor of future behavior is past behavior." Ex. A, pg. 15.

3

Regardless of the "old adage," the rules of evidence limit the introduction of such evidence to very specific circumstances, none of which are applicable here. *See* Defendants' Motion *in Limine* to Bar Improper Character Evidence, filed herewith. Therefore, if Pastor is allowed to testify to any extent, he should be barred from making any reference to the CR files he reviewed.

### B. Pastor Should be Barred From Offering Opinions Regarding Investigations into Officer Lucas' Alleged Conduct.

Pastor's opinions regarding the number or subject of other complaints made against Officer Lucas are inadmissible as expert opinions and pursuant to the rules of evidence. In his report, Pastor posits:

> The sheer number and frequency of the allegations – particularly those initiated against Officer Lucas – should have triggered some corrective response from the department. In essence, there are too many similar allegations given by a wide variety of people to be simply discounted as false. … The nature of the allegations is also telling. Is it purely coincidence that so many people made allegations of theft and planting drugs? I have very strong doubts that these are all coincidence.

Ex. A, pg. 17. First, to the extent that Pastor opines as to the necessity of a corrective response from the department, that opinion is relevant only to the now mooted *Monell* claim. Second, to the extent this "opinion" related to defendant Lucas' conduct alone, Pastor's use of the CRs to support this opinion is in complete contravention of Rule 404(b) which prohibits the use of evidence of other wrongs to prove the person acted in conformity with their bad character. Finally, Pastor's opinions are inadmissible because he is essentially making a determination that allegations made against Officer Lucas are true. An expert witness "may not usurp the jury's function to weigh evidence and make credibility determinations." *Davis v. Duran*, 277 F.R.D. 362, 370 (N.D. Ill. 2011) (Cole, Mag. J.).

### C. The Investigation of this Incident is Irrelevant.

Lastly, Pastor should not be permitted to testify as to the investigation related to this incident. The investigation resulted in a finding of unfounded[1] because the complainant, Plaintiff, would not give a statement to investigators because of the pending federal lawsuit. In his report, Pastor concludes that the finding of unfounded "further illustrates the custom and practice of the department." Ex. A, pg. 16. Clearly, Pastor's review and opinion of the investigation related to this incident pertain solely to Plaintiff's *Monell* claim against the City, and have no bearing at trial. Therefore, Pastor should be barred from making any reference to the investigation of this incident. *See Davis*, 277 F.R.D. at 368 (barring opinion as to the adequacy of the post-incident investigation as it was not relevant to the facts at issue and would "impermissibly deflect the jury's attention from the critical issue in the case.").

For these reasons, Pastor should be barred from offering any testimony relating to Plaintiff's *Monell* claim, including reference to any CR files he reviewed, any opinions he has regarding complaints made against Officer Lucas, or any of the other Defendants, and regarding the investigation into this incident.

### II. PASTOR'S OPINIONS REGARDING POLICE PRACTICES AND PROCEDURES ARE UNRELIABLE AND WILL NOT ASSIST THE JURY.

The second area of Pastor's opinions relate to the actual incident in this case. In the section entitled "Arrest and Police Procedures," Pastor offers the following opinions:

1) Pastor does not "believe" that the anonymous call led to the surveillance which resulted in Plaintiff's arrest;

2) The release of the female passenger in Plaintiff's vehicle was "legally questionable" and procedurally improper in relation to Chicago Police policy and procedure.

---

[1] A complaint is unfounded when an allegation is false or not factual.

> 3) Pastor also back tracks into his opinions regarding the disciplinary system to opine that the Chicago Police Department's failure to detect and correct the problematic behavior he observes in the Officers' CRs (*see* Section I. B above) led to Plaintiff's unconstitutional arrest.

These opinions, in their entirety, should be barred because they violate the basic tenants of Rule 702 as well as 403. Pastor's opinions are not helpful to the trier of fact, they are impermissible credibility determinations, they are conclusory, they are not based upon sufficient data, there is nothing reliable about his principles or methods and they are nothing more than Plaintiff's cross examination of the officers and closing arguments as to why the Defendants should not be believed dressed-up under the guise of "expert testimony." Pastor's opinions should be barred at trial.

### A. "I do not believe that the "anonymous call" lead [sic] to the surveillance which resulted in arrest." (Ex. A at 17.)

The most striking problem with this opinion is that it is an impermissible credibility determination. Such an opinion is not "helpful" to the jury, within the meaning of F.R.E. 702 because it essentially usurps the jury's role of making credibility determinations. To permit Pastor to testify that he "believes" the Defendant Officers' version of events is untrue would be reversible error. "An expert may not tell the jury whom to believe, nor can he make credibility determinations." *Sommerfield*, 245 F.R.D. at 330, citing *Goodwin v. MTD Prods., Inc.* 232 F.3d 600, 609 (7th Cir. 2000). Yet that is precisely what Pastor's opinion does when he uses such phrases as "I do not believe" and "These factors, in my mind…" (Ex. A at 17-18.)

In fact, Pastor's deposition testimony, not surprisingly, is laden with these types of credibility determinations. A few examples include:

> Q: So is it your opinion that Officer Lucas is lying when he says [Janusz's car jumped the curb]?
> A: You keep wanting me to say lying. I'm not here to call him a liar. I am here to say the story doesn't add up. (Pastor Deposition, Exhibit B at 137).

> Q: In your opinion, is the officer --- are the officers trying to hide something by not indicating in the case report that it was --- the arrest was made in a gas station?
> A: I don't want to get in anybody's head, but I can objectively look at the facts in this case, and so many of them are out of whack that it leaves me to be concerned about the veracity of how these reports were done and how these arrests went down. (Ex. B at 133)
>
> Q: So you don't believe Officer Lucas when he says he received a phone call?
> A: He said that. I don't believe it. (Ex. B at 142.)

Clearly, Pastor's opinions relate directly to the veracity and credibility of Defendants. This is impermissible and there is no legal authority that would allow Plaintiff to introduce an expert opinion that constitutes evaluations of witness credibility.

To further support of his disbelief that there an anonymous tip led to Plaintiff's arrest, Pastor points to several uncontroverted facts relating to the anonymous tip and the officers' subsequent actions. The jury is just as qualified as Pastor to assess the evidence relating to the anonymous tip. There is nothing about these facts that a jury would need expert testimony to help them understand. Pastor offers no explanation or insight as to why his "specialized knowledge" will help the jury understand the evidence. Indeed, Pastor is merely reciting evidence that will be elicited from the officers and then essentially opining about his disbelief of this testimony by using such statements as ""it does not make sense," "flimsy evidence," "defies explanation" and "problematic-at best." *See* Ex. A, pg. 18. Pastor's pejorative laden, argumentative "opinion" is nothing more than Plaintiff's argument dressed up under the guise of an expert opinion. Pastor's use of this very same type of language was deemed inadmissible argument and not expert opinion by Judge Cole in *Sommerfield*. 254 F.R.D. at 334 (barring

7

Pastor from using statements such as "irrational detachment that it defies explanation" and "leaves more questions than answers.")

Most telling as to why Pastor's opinion is not helpful to the trier of fact is his statement that "Judge Dernbach [the criminal court judge] seems to agree, or better said, I agree with the court['s]" assessment of the evidence at the motion to quash. Ex. A 18-19. By this statement, Pastor is simply trying to introduce into evidence the criminal court's decision reached after hearing the evidence introduced at the motion to quash and by doing so he also seeks validate his own opinions. Pastor is essentially offering a legal conclusion, that the stop itself was invalid, under the guise of "expert opinion" and then pointing to statements made by Judge Dernbach to substantiate his conclusion. This is impermissible. *See e.g Davis*, 277 F.R.D. at 372 (expert's conclusion that defendant used unreasonable force was inadmissible as "[h]e is simply telling the jury how to decide the case, and that he cannot do.").

In addition to failing to meet any of the requirements of Rule 702, Pastor's opinions should also be barred under F.R.E. 403 which states "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." The Supreme Court in *Daubert* recognized the importance of F.R.E. 403 in excluding conclusory or confusing expert testimony. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of that risk, the judge in weighing possible prejudice against probative force under Rule 403… exercise more control over experts than over lay witnesses." *Daubert*, 509 U.S. at 595. *See also, Thompson v. City of Chicago*, 472 F.3d 444, 457-58 (7th Cir. 2006) (police procedure expert properly excluded under Rule 403.) Here, Pastor's "opinions" do nothing more than

summarize uncontroverted evidence, offer impermissible credibility determinations, and waste time by repeating arguments that can be made by counsel under the guise of "expert testimony."

Thus, for all these reasons, Pastor's opinions relating to the anonymous tip should be barred.

        **B.**      **"The release of the female passenger in Mr. Janusz's vehicle was both legally questionable and procedurally improper."**

This opinion suffers from the same flaws described above with the addition that Pastor also seeks to offer opinions regarding the legality of releasing the female passenger and its failure to conform to police procedure. Once again, Pastor offers impermissible credibility determinations that are the exclusive province of the jury and argumentative language when he makes statements such as "I believe these officers acted improperly" and "I see little to no reason." Ex. A at 19. He also once again seeks to bolster and substantiate his "opinions" by linking them to statements made by Judge Dernbach at the motion to quash hearing. For the reasons discussed above, these opinions should be barred.

Equally problematic is his conclusory statement that his opinion is derived "[f]rom the perspective of Chicago Police policy and procedure." Despite making this bold statement, Pastor's opinion does not explain his methodology or refer to any specific material as the basis for this opinion. Similarly, his use of the phrase "legally unsound" is impermissible because it essentially is telling the jury Defendants were acting contrary to the law. This is a factual decision for the jury to make, not Pastor. Furthermore, he provides no basis for this statement. Pastor lacks the qualifications to opine as to the policies and procedures of the Chicago Police Department. He identifies no specific General Order to support his opinion nor any other specific policy or procedure. Indeed, the only Chicago Police General Orders he reviewed in this case relate to the Complaint Review investigation process. *See* Ex. A, pg. 1-2. Likewise, the

9

Court will instruct the jury as to the law in this case. Pastor's opinions are not based upon anything other than his own personal opinions as to proper police procedure, which he simply characterizes as things the officer "should have" done.

Such testimony fails the reliability test as it cannot be linked to any data that Pastor purportedly reviewed. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *Obrycka v. City of Chicago*, 792 F. Supp. 2d 1013, 1025 (N.D. Ill. 2011) (St. Eve, J.) (*citation omitted*). Pastor's methodology is unreliable because he clearly did not base any of his opinions on any actual CPD policy or procedure, or, for that matter, on any generally accepted policies and procedures, thus his opinions are inadmissible.

Moreover, F.R.E. 403 provides an additional basis to bar this opinion. Expert testimony relating to reporting and release of the female passenger is of such little probative value that having an expert provide opinions about it will confuse the issues and mislead the jury into putting undue focus on this issue. Plaintiff will be able to cross examine Defendants on this issue and Pastor's "opinions" will be nothing more than repetition of that testimony and argument by counsel.

Because Pastor gives no basis for his opinion that the release of the passenger was procedurally improper or legally questionable, such an opinion provides little help to the jury, as it is not based upon specialized knowledge nor is it the product of reliable principles and methods. Likewise, these opinions are conclusory, argumentative, and usurp the function of the jury by determining questions of credibility. For these reasons, Pastor should be barred from testifying at trial.

### C. "I believe that the [City's] failure to detect and correct such problematic behavior ultimately led to the unconstitutional arrest of Mr. Janusz"

Pastor concludes his report with this sweeping conclusion. (Ex. A 19-20) His characterization of the arrest as "unconstitutional" is blatantly impermissible as is the entirety of this statement. He apparently draws this conclusion based upon his impermissible opinions relating to his disbelief of the Officers in conjunction with his irrelevant *Monell* related opinions. This opinion is clearly inadmissible.

### Conclusion

Dr. James Pastor should be barred from testifying at trial as his opinions have been rendered irrelevant by the Stipulation entered by the parties removing Plaintiff's *Monell* claim from trial, and because his remaining opinions lack reliability as required by Rule 702 and *Daubert*, and because they would not assist the jury in determining the facts at issue.

**WHEREFORE,** Police Officer Defendants respectfully request that Plaintiff be barred from calling Dr. James Pastor as a witness at trial and from utilizing all trial exhibits relating to his testimony, specifically Plaintiff's Exhibits 18, 20 and 25.

Dated: October 25, 2013                Respectfully submitted,

                                          ALAN LUCAS, PARRIS GEORGE, GINA
                                        LIBERTI AND AMY MUGAVERO-LUCAS,

                                       By:   s/ Eileen E. Rosen
                                            One of their Attorneys

Eileen E. Rosen
Stacy A. Benjamin
ROCK FUSCO & CONNELLY, LLC
321 North Clark Street, Ste. 2200
Chicago, Illinois 60654
(312) 494-1000
erosen@rockfuscoconnelly.com